IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LAMOUNT UMEAR BROWN, #R2749                                                    PLAINTIFF

VERSUS                                                CIVIL ACTION NO.  5:06cv008DCB-JCS

DOLAN WALLER, LEON PERRY, AND THELMA LINDSEY                    DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal.  The plaintiff Lamount Umear Brown, #R2749, an inmate at the Wilkinson County Correctional Facility, Woodville, Mississippi, has filed this complaint pursuant to 42 U.S.C. § 1983.  The named defendants are Dolan Waller, Leon Perry, and Thelma Lindsey.

The plaintiff states that he was issued Rule Violation Report (RVR) #676991 being charged with encouraging group conduct which disrupts security.[1]  The plaintiff was then placed in administrative segregation as a security threat pending the investigation of the RVR.  After receiving a disciplinary hearing, even though the plaintiff argues that there was no evidence to support the finding, he was found guilty of the charge.  As a result, the plaintiff was punished by receiving 20 days in isolation.  In his response [7-1], the plaintiff states that RVR #676991 has not been overturned or expunged from his prison file.  Plaintiff requests that this court order RVR  #676991 be removed and expunged from his prison record.

---

[1]The RVR #676991 attached to the complaint states that the circumstances and details are as follows: "On 8/22/05 following a gang related altercation in the dining hall on 8/18/05 I/M Brown was identified as a black gangster disciple (disruptive core member) who attempted to encourage disrupt and interfere with the orderly running of a facility by giv[ing] orders acting as the[ir] leader to retaliate thr[ough] disruptive group behavior."

The plaintiff also complains that defendant Perry slandered his name and that "out of spite" defendant Perry has assumed that the plaintiff is affiliated with the incident which resulted in the plaintiff being charged and found guilty of RVR #676991.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, § 1915(e)(2) applies to the instant case. As discussed below, the plaintiff's § 1983 action concerning RVR #676991 fails to state a claim upon which relief may be granted and his claims relating to the issue of slander and retaliation are frivolous[2].

To invoke the protections of the due process clause, the plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The time spent by the plaintiff in administrative detention/segregation is not a deprivation of any liberty interest protected by due process. Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996)(finding that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest).

---

[2] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).

Addressing the plaintiff's claim of slander, the court finds that the mere injury to one's reputation, without more, does not demonstrate a constitutional deprivation. <u>Oliver v. Collins</u>, 904 F.2d 278, 281 (5th Cir. 1990) <u>citing</u> <u>Geter v. Fortenberry</u>, 849 F.2d 1550, 1556 (5th Cir.1988). Further, implication of reputation alone is insufficient to establish a cause of action under 42 U.S.C. § 1983, the plaintiff must have a more tangible interest to implicate a property or liberty interest sufficient to invoke the due process protection of the 14th amendment. <u>Thomas v. Kipperman</u>, 846 F.2d 1009, 1010 (5th Cir 1988).

The plaintiff's claim that defendant Perry acted "out of spite" could be construed as a claim for retaliation. "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional rights, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act, and (4) causation." <u>McDonald v. Steward</u>, 132 F.3d 225, 231 (5th Cir. 1998). Moreover, "[t]he inmate must allege more than his personal belief that he is the victim of retaliation." <u>Johnson v. Rodriguez</u>, 110 F3d 299, 310 (5th Cir.) <u>cert. denied</u>, 522 US 995 (1997). Even liberally construing the plaintiff's allegations, he fails to assert a claim for retaliation against the defendants.

As stated above, the plaintiff's complaint regarding RVR #676991 fails to state a claim upon which relief may be granted and the claims of slander and retaliation are frivolous. Consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, § 1915(e)(2)(B)(i) and (ii), it will be counted as a "strike". <u>See</u> 28 U.S.C. § 1915(g). If the plaintiff receives "three strikes," he will be denied <u>in forma pauperis</u> status and will be required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion will be entered

THIS the 24th day of July, 2006.

S/DAVID BRAMLETTE<br>
UNITED STATES DISTRICT JUDGE